UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DEBORAH A. PELIKAN,

        Plaintiff,

  v.                                                  Civil No. 07-228-HA

BRANDON KAPOUIKI, et. al.,                  ORDER

        Defendants.

---

HAGGERTY, Chief Judge:

       Plaintiff Deborah Pelikan, a former inmate, brings a complaint against various state prison official defendants pursuant to 42 U.S.C. § 1983, based on her removal from an alternative incarceration program (AIP) while she was in prison. Plaintiff also raises state law claims of abuse of process and wrongful detention. State defendants filed a Motion for Summary Judgment [23] and plaintiff responded by letter dated April 7, 2008. For the following

reasons, defendants' motion is GRANTED.

## I. BACKGROUND

The following facts are undisputed unless otherwise noted and are stated in the light most favorable to plaintiff.

Plaintiff was convicted of Criminal Mistreatment and sentenced to the Oregon Department of Corrections. She was housed at Coffee Creek Correctional Facility (CCCF) and later accepted into an AIP. The AIP that plaintiff entered is a highly structured program that includes intensive addiction intervention and treatment. Inmates who successfully complete the AIP are eligible for transitional leave from prison.

Plaintiff entered the AIP on September 28, 2004, and would have been eligible for transitional leave on March 28, 2005. Before plaintiff completed the AIP, defendants learned that the Multnomah County District Attorney's Office intended to file theft charges against plaintiff, and to lodge a detainer against her. In February 2005, plaintiff also received a disciplinary sanction for violating the disciplinary rules. Inmates with detainers are not eligible to participate in an AIP. Due to these events, defendants removed plaintiff from the AIP in February 2005. On March 22, 2005, the Multnomah County District Attorney filed an 11-count indictment against plaintiff. On March 23, 2005, the Multnomah County Sheriff's Office lodged a detainer against plaintiff. The Department of Corrections released plaintiff onto post-prison supervision to the detainer on October 18, 2005. Plaintiff was later convicted of Theft in Multnomah County.

## II. ANALYSIS

### A. Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to

2 - ORDER

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On summary judgment, the court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Defendant, the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence of a genuine issue of material fact from the non-moving party. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also *Anderson*, 477 U.S. at 248-49. There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.,* 690 F.2d 1235, 1238 (9th Cir. 1980).

  **B.**  **Discussion**

    **1.**  **Section 1983 Due Process Claim**

Plaintiff claims that her right to early release and continued participation in the AIP were denied, in violation of her due process rights. She asserts that she should and would have been released from prison but for her improper removal. Plaintiff's claim fails, however, because she challenges the duration of her confinement by seeking a judicial declaration that necessarily

3 - ORDER

implies the unlawfulness of her prior custody. The Supreme Court has held that habeas corpus (or the state equivalent) is the exclusive means for challenging the alleged illegality of an inmate's confinement due to constitutional deprivations. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff does not allege that she successfully challenged her conviction through habeas corpus, and therefore she cannot now assert a § 1983 claim to make a similar challenge to the validity of her confinement.

### 2. Abuse of Process Claim

Plaintiff claims that defendants misused the administrative process in removing plaintiff from the AIP. Under Oregon law, the tort of abuse of process "is the perversion of a process that is regular on its fact to a purpose for which the process is not intended." *Columbia County v. Sande*, 28 P.3d 657, 661 (Or. App. 2001). Plaintiff must show (1) some ulterior purpose, and, (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding. *Id.* Taking the facts in the light most favorable to plaintiff, there is no evidence that defendants acted with any ulterior motive in removing plaintiff from the AIP. Accordingly, plaintiff's claim for abuse of process fails.

### 3. Wrongful Detention Claim

Plaintiff claims that she was falsely imprisoned because she was incarcerated for an additional six months than she would have been had she remained in the AIP. To prevail on a claim for false imprisonment, plaintiff must show that (1) defendant confined plaintiff, (2) defendant intended the act that caused the confinement, (3) plaintiff was aware of the confinement, and (4) the confinement was be unlawful. *Hiber v. Creditors Collection Service*,

4 - ORDER

961 P.2d 898, 901 (Or. App. 1998). Because plaintiff cannot show that her confinement was unlawful, her claim fails.

## III.  CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment [23] is GRANTED and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  24  day of July, 2008.

       /s/ Ancer L. Haggerty
       Ancer L. Haggerty
       United States District Judge